KENNEDY *et al.*, Trustees, etc., v. THE DUBUQUE, C. & M. R. R. Co.

Highway: JURISDICTION IN ROAD MATTERS. The jurisdiction of the circuit court in respect to roads and highways is limited to *ad quod damnum proceedings*. In all other matters relating to roads, the board of supervisors has exclusive jurisdiction.

*Appeal from Clayton Circuit Court.*

THURSDAY, JULY 25.

ACTION by the plaintiffs, as trustees of Mendon township, to require the defendant to make certain alterations in its railroad along and across the highway between the city of McGregor and the village of North McGregor, and situate in said Mendon township. The plaintiffs, in their petition, averred that they were the trustees of Mendon township, in Clayton county; that the defendant had constructed its railroad along and four times across the highway in said township, between the city of McGregor and the village of North McGregor, a distance of less than one mile; that said highway there runs between a rocky bluff on the west and the Mississippi river on the east; that the space between them, and occupied by both the highway and railroad, is only about forty feet, and that the four crossings made by the latter are either above or below the sur-

face of the highway; that the plaintiffs have duly notified, in writing, the defendant, of the alterations and amendments they required, a copy of which is annexed to the petition; that defendant refused to assent thereto, or make any agreement whatever, and they cannot agree respecting the same. To this petition the defendant demurred, because: *First.* The court has no jurisdiction of the subject of the action. *Second.* The plaintiffs have no legal capacity to bring this suit. The court overruled the demurrer on both grounds, and the defendant appeals.

*S. P. Adams* and *A. J. Jordan* for the appellant.

*Thomas Updegraff* and *Noble, Hatch & Frese* for the appellee.

COLE, J. — The first question presented by the demurrer is, as to the jurisdiction of the circuit court over the action. This involves the construction of several statutes. By a statute which took effect February 9, 1853, it was enacted (Rev., § 1321, 8): Any railroad corporation may raise or lower any turnpike, plank road or other way, for the purpose of having their railroad pass over or under the same; and in such cases, said corporation shall put such turnpike, plank road or other way, as soon as may be, in as good repair and condition as before such alteration. § 1322, (9). If the proprietors of such plank road or turnpike, or the trustees or city council having jurisdiction of such ways respectively, require further alterations or amendments of such turnpike, road or way, and give notice thereof in writing to the agent or secretary of such railroad corporation, and if the parties cannot agree respecting the same, either of the parties may apply to the county judge, who, after reasonable notice to the adverse party, shall make determination respecting such proposed altera-

tions or amendments, and shall award costs in favor of the prevailing party."

By an act approved March 22, 1860, and which took effect July 4, 1860, creating a board of supervisors, defining their duties, etc. (Rev., art. 11, ch. 22), said board was given jurisdiction (Rev., § 312, subd. 13) "to appoint commissioners to act with similar commissioners" from other counties, to lay out roads, etc., extending into both. Subd. 16. "To alter, vacate or discontinue any State or territorial road within their respective counties." Subd. 17. "To lay out, establish, alter or discontinue any county road heretofore or now laid out, or hereafter to be laid through or within their respective counties." § 318, subd. 2. Said board is required to keep "a book to be known as the 'road record,' in which shall be recorded all proceedings and adjudications relating to the establishment, change or discontinuance of roads." § 324. "After the taking effect of this act, neither the county judge nor county court shall have or exercise any of the powers hereby conferred upon the board of supervisors. * * * § 325. In all cases where the powers hereby conferred upon said board have heretofore been by law exercised by the county judge, county court or other county officers, the said supervisors shall conduct their proceedings under said powers, in the same way and manner, as nearly as may be, as is now provided by law in such cases for the proceedings of such county judge, county court, and county officers, provided they are not inconsistent with the provisions of this act."

By an act passed by the same legislature, in relation to roads and highways, approved April 2, 1860, and which took effect on January 1, 1861, it was enacted (Rev., § 327): "That the board of supervisors shall have the same power, and perform the same duties, in relation to roads and highways in their respective counties, as have been exercised under previous laws by county judges and county

courts, subject to such modifications as shall be or have been made at the present session of the legislature."

By an act establishing circuit courts, etc., approved April 3, 1868, and which took effect, as to said courts, on the first day of January, 1869, said circuit courts were given jurisdiction in certain matters therein enumerated, "and of all other actions and proceedings of which the county judge now has jurisdiction." See Laws of 1868, ch. 86, p. 113.

These are all the statutes bearing upon the subject, and, from a careful reading of them, it is too manifest to require argument to demonstrate it, that complete jurisdiction in road matters, except as to *ad quod damnum* proceedings therein, was given to the board of supervisors. By Revision, section 327, *supra*, all the jurisdiction in relation to roads and highways theretofore exercised by county judges was conferred upon the board of supervisors. And, by Revision, section 1322, *supra*, jurisdiction over the particular matter here in controversy was given to the county judge. Since then, the county judge exercised the jurisdiction before section 327 took effect, the board of supervisors would properly exercise it thereafter, and now.

But, it is argued by appellee's counsel, that since, by the act of 1868, the jurisdiction of the county judge was conferred upon the county court, that court has, at least, concurrent jurisdiction, under the rule that if a prior and later act can be reconciled, both shall stand. The difficulty, however, is that by section 327 all the jurisdiction of the county judge in relation to roads was transferred to the board of supervisors. So that the act of 1868, which gave to the circuit court jurisdiction of "all proceedings of which the county judge *now* has jurisdiction," did not confer any authority upon the circuit court respecting this matter; for that, the county judge did not then (*now*, in 1868) have any jurisdiction to be transferred to the circuit court.

It follows that the circuit court did not have any juris-
diction, and that it erred in not sustaining the defendant's
demurrer. It, therefore, becomes unnecessary to notice
the other point.

Reversed.